2026 IL App (1st) 252082

FIFTH DIVISION
July 17, 2026

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-25-2082

| | | |
|---|---|---|
| 4310-4322 N. CLARENDON CONDOMINIUM | ) | |
| ASSOCIATION, an Illinois Not-For-Profit Corporation, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2024 CH 01473 |
| | ) | |
| DAVID KLEIN, | ) | Honorable |
| | ) | William B. Sullivan, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment and opinion.

**OPINION**

¶ 1     The 4310-4322 N. Clarendon Condominium Association (Association) sued one of its unit owners, David Klein, for several violations of its declaration of condominium wwnership and by-laws (Declaration) and the Condominium Property Act (Act) (765 ILCS 605/1 *et seq.* (West 2022)). The circuit court granted summary judgment in favor of the Association and awarded it attorney fees and costs, pursuant to section 9.2(b) of the Act (*id.* § 9.2(b)) and the Declaration. Mr. Klein argues that the fee award was improper because he was granted a waiver of court fees, costs, and charges by the circuit court under the fee waiver provision of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2022)). We hold that the fee waiver provision of the Code does

not extend to fees that are awarded to an opposing party and affirm the circuit court's order.

¶ 2                                    I. BACKGROUND

¶ 3     On March 1, 2024, the Association filed its "verified complaint for injunctive and other relief" against Mr. Klein and any unknown occupants of his unit. According to the complaint, Mr. Klein and occupants of his unit had "presented a nuisance to the Association for over five years" and committed multiple violations of the Association's rules outlined in its Declaration. In its prayer for relief, the complaint sought an award of attorney fees pursuant to the Declaration and Act. When he appeared, the circuit court granted Mr. Klein a full waiver of court fees, pursuant to the fee waiver provision of the Code, based on a showing of his limited income.

¶ 4     Following briefing and argument, the circuit court granted the Association's motion for summary judgment and awarded it fees and costs. Counsel for the Association then filed an affidavit in support of an award of $23,375.50 in attorney fees and $521.73 in costs. An itemized breakdown of the fees and costs was attached as an exhibit.

¶ 5     In Mr. Klein's response, he argued that the fee waiver provision of the Code "provid[ed] Klein immunity from such fees and costs" and that those fees were also "excessive and inadequately substantiated." In response, the Association argued that the fee waiver provision of the Code only applied "to court costs the *court* would customarily charge to a litigant and not the attorneys' fees and costs incurred by an opposing party" (emphasis in original) and that Mr. Klein remained liable for fees under the Declaration and Illinois law.

¶ 6     On September 11, 2025, the circuit court granted the Association's petition for fees and entered a judgment against Mr. Klein in the amount of $23,897.23.

¶ 7     This appeal follows.

¶ 8                                    II. JURISDICTION

¶ 9      The circuit court granted the Association's fee petition in an order entered on September 11, 2025, which was the final order in the case, and Mr. Klein timely filed his notice of appeal on October 14, 2025. We have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 10                                   III. ANALYSIS

¶ 11     On appeal, Mr. Klein's sole argument is that he "was statutorily immune from a judgment in the Association's favor for attorney fees and costs" because he was granted a fee waiver. The fee waiver provision of the Code exempts anyone granted such a waiver from "payments imposed on a party in connection with the prosecution or defense of a civil action." 735 ILCS 5/5-105(a)(1) (West 2022). Mr. Klein's argument is that this language encompasses the court's order directing him to pay the Association's attorney fees and costs.

¶ 12     When construing a statute, the court's primary goal is to "ascertain and give effect to the intent of the legislature." *Home Star Bank & Financial Services v. Emergency Care & Health Organization, Ltd.*, 2014 IL 115526, ¶ 24. The best indication of legislative intent is the plain and ordinary meaning of the statutory language. *Id.* The statute should be read as a whole, and "each word, clause and sentence of a statute must be given a reasonable construction, if possible, and should not be rendered superfluous." *Id.* Questions of statutory interpretation, which are questions of law, are reviewed by this court *de novo*. *Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17.

¶ 13     The title of the fee waiver provision in the Code is "Waiver of court fees, costs, and charges." See 735 ILCS 5/5-105 (West 2022). While the title cannot limit the plain meaning of a statute, it can provide "guidance" to understanding what the statute covers. *Home Star Bank*, 2014

IL 115526, ¶ 40. The title here suggests that the waiver is limited to fees, costs, and charges imposed by the *court* for costs related to using the *court* system to resolve a dispute.

¶ 14　The statute defines the fees, costs, and charges that the waiver extends to as follows:

"(a) As used in this Section:

(1) 'Fees, costs, and charges' means payments imposed on a party in connection with the prosecution or defense of a civil action, including, but not limited to: fees set forth in Section 27.1b of the Clerks of Courts Act; fees for service of process and other papers served either within or outside this State, including service by publication pursuant to Section 2-206 of this Code and publication of necessary legal notices; motion fees; charges for participation in, or attendance at, any mandatory process or procedure including, but not limited to, conciliation, mediation, arbitration, counseling, evaluation, 'Children First', 'Focus on Children' or similar programs; fees for supplementary proceedings; charges for translation services; guardian ad litem fees; and all other processes and procedures deemed by the court to be necessary to commence, prosecute, defend, or enforce relief in a civil action." 735 ILCS 5/5-105(a)(1) (West 2022).

¶ 15　The statutory language makes it clear that the fee waiver provision of the Code applies only to payments "imposed on a party in connection with the prosecution or defense of a civil action." *Id.* Like the title, this statutory language demonstrates that the waiver extends only to payments directly related to using the court system, in order to either prosecute or defend in a civil action. The specific fees listed include those for service of process or publication, translation services, and costs of participation in mandatory court processes. *Id.* These are all costs directly related to using the court system and imposed by the court or by rule. Nothing in the statutory language supports

Mr. Klein's argument that the waiver extends to fees that could be owed to an opposing party in litigation.

¶ 16    Mr. Klein points to two clauses in this fee waiver provision of the Code to support his broader interpretation of the waiver: (1) the phrase "including, but not limited to," which he argues shows that the examples listed in the statute are not exhaustive, and (2) the catchall provision— "and all other processes and procedures deemed by the court to be necessary to commence, prosecute, defend, or enforce relief in a civil action"—which he insists encompasses the award of fees and costs to the opposing party here.

¶ 17    Mr. Klein is correct that the examples listed in the fee waiver provision of the Code are not intended to be exhaustive. See *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 24 ("[T]he statutory phrase 'including but not limited to' means *** the General Assembly recognized that there could be other organizational arrangements that are not specifically listed."). However, this does not help him. Even if one could argue that attorney fees owed to an opposing party are a payment "in connection with the prosecution or defense of a civil action," these payments are of a different nature than those listed.

¶ 18    It is a fundamental rule of statutory construction, referred to as *ejusdem generis*, meaning in Latin "of the same kind" (Black's Law Dictionary (12th ed. 2024)), that, "when a statutory clause specifically describes several classes of persons or things and then includes 'other persons or things,' the word 'other' is interpreted as meaning 'other such like' " (*People v. Davis*, 199 Ill. 2d 130, 138 (2002)). Here, the specific costs listed in the fee waiver provision of the Code are all imposed by the court and inherent in litigation. None of them are payments owed to an opposing party. Thus, while the costs and fees listed in the fee waiver provision of the Code are not exhaustive, they are illustrative of the kinds of fees and costs that are covered by the waiver. As

this court explained in *In re Marriage of Main*, 2020 IL App (2d) 200131, ¶ 39, the purpose of the Code's fee waiver provision "is to ensure that indigent litigants are able to proceed on the same footing as those with greater financial resources in asserting, defending, and enforcing their rights."

¶ 19    In contrast, the court awarded the Association the attorney fees here because Mr. Klein owed the fees pursuant to statute and contract. Illinois follows the "American rule," which allows for recovery of attorney fees from another party only under "express statutory or contractual provisions." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64. Here, the Declaration and Act required Mr. Klein to pay those fees. Those fees were not an inherent part of his costs for using the court system. They are of a different nature than the fees, costs, and payments that are covered by the waiver provision of the Code.

¶ 20    Mr. Klein argues that he has support for his argument in *Main*, 2020 IL App (2d) 200131, where this court found that court reporter fees for transcripts necessary to bring an appeal are waived for indigent litigants under the fee waiver provision of the Code. But *Main* is different for two reasons. First, the cost of transcripts necessary to bring an appeal is similar to the specific costs necessary to pursue litigation that are listed in 5-105(a). A waiver of those costs could be viewed as "necessary" to pursue an appeal, just as waiver of fees for service of process would allow a plaintiff to proceed with its case in circuit court. *Id.* ¶ 29. Thus, the inclusion of transcript fees was in keeping with the principle that "other" fees or costs not specifically listed in section (a)(1) must be "of the same kind" as those specifically listed.

¶ 21    The *Main* court also found that the fee waiver provision of the Code was ambiguous so, citing well-recognized tools of statutory construction, the court read section 5-105 together with section 5-105.5 of the Code (735 ILCS 5/5-105.5 (West 2022)). *Main*, 2020 IL App (2d) 200131,

¶¶ 21-24. Section 5-105.5, which was adopted long after section 5-105, specifically provided for the waiver of transcript costs on appeal for litigants represented by legal service providers or *pro bono* attorneys. These provisions, in the court's view, "form[ed] a single scheme governing the waiver of litigation costs for indigent litigants." *Id.* ¶ 34. The court concluded: "Viewing the relevant laws and rules as a whole, the slightly different language used in section 5-105.5(b) cannot be seen as establishing better treatment for indigent litigants who are fortunate enough to have counsel." *Id.* ¶ 40. On this basis, the court found that section 5-105 should be read to also include the waiver of costs for transcripts for an appeal. *Id.* None of the reasoning in *Main* applies in this case.

¶ 22    Mr. Klein argues that, as a matter of policy, a section 5-105 fee waiver should extend to the award of attorney fees against him because "[s]urely when the legislature enacted the waiver statute, it did not intend a judge to determine that a litigant is indigent and allow a waiver of a $250 appearance fee only to then mandate $25,000 in attorneys' fees." This argument seeks an expansion of the fee waiver provision of the Code far beyond the one provided. There is nothing in the language or history or purpose of that provision that suggests it is to be extended to insulate indigent litigants from liability that they could have to an opposing party in litigation, including liability for attorney fees. In short, the circuit court properly awarded fees to the Association and against Mr. Klein, notwithstanding his having a waiver under the fee waiver provision of the Code.

¶ 23                                          IV. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.

*4310-4322 N. Clarendon Condominium Ass'n v. Klein*, **2026 IL App (1st) 252082**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2024-CH-01473; the Hon. William B. Sullivan, Judge, presiding. |
| **Attorneys for Appellant:** | Adam Goodman, of Goodman Tovrov Hardy & Johnson LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Bonnie R. Varner, of Kovitz Shifrin Nesbit, of Chicago, for appellee. |